Mr. Justice Olin
delivered the following dissenting opinion:
The last decree made in this cause, and which is appealed from, I think is erroneous, and I will state as briefly as I can the reasons which induce that belief.
1. The term at which the first decree was entered and *661 signed by the presiding justice had closed, and the decree had become a matter of record and could not be set aside, altered, or modified at any subsequent term, except upon a bill of review.
2. The proceedings in this case subsequent to the entry of this first decree bear no resemblance to a bill of review. It was not so treated by either court or counsel, though in some of the papers it is spoken of as a bill of review. It was simply a motion made on ex-parte affidavit with notice to the opposite party, and defended by an ex-parte affidavit, and upon these ex-parte affidavits the former decree was set aside and the decree entered which is appealed from. If the proceeding is to be regarded as a motion for a rehearing of the case, the judge might grant or refuse that motion if his construction of the 87th Equity Rule be the proper one ; but instead of that he decides the whole controversy upon the exparte affidavits, revokes his former decree, and enters a new and different decree; this was wholly irregular. If a rehearing was granted the parties should have been at liberty to take evidence on both sides in support of their allegations. The evidence having been closed, the cause set for hearing in the ordinary course of practice might be disposed of when reached on the calendar as are other cases; but nothing of the kind was done, and the proceeding was throughout treated as a motion based on ex-parte affidavits, and upon reading those, apparently, the order appealed from was made.
It is attempted to justify this order under and in pursuance of the 87th Rule in Equity, but I submit, with all deference to the learned judge who tried this cause, it has no application whatever to the case. It was not intended, to my certain knowledge, to have any such construction or meaning as put upon it by the justice who tried this cause. In his opinion, printed in this case, he has injected into the rule after the words Supreme Court “ United States.” The rule says nothing of the kind, and was not intended to. Having chiefly been instrumental in preparing and drawing up the equity rules that were subsequently adopted by this court, I am well aware of what was intended by the 87th rule. The words, in the rule, “supreme court” were intended to refer to and mean the supreme court of the District of Columbia, and not the *662 Supreme Court of the United States, and any other construction of the rule seems to me worse than nonsense, since by the rules of law and by the organic act creating this court no appeal whatever lies to the Supreme Court of the United States from any order, judgment, or decree made at a special term by one of the justices of this court. The meaning of the ruléis simple, clear, and obvious, and it is simply this, that the justice holding a special term may in his discretion entertain a motion for opening, modifying, or altering, or reviewing any decree passed at any former term, providing such decree or order was not appealable to the supreme court; that is, to this court in banc or in general term.
It will be remembered by most of my brethren upon the bench who took their seats upon the passage of the organic act creating this court, that much controversy and discussion arose whether the act created one or a half-dozen courts, or whether it created one court known as the supreme court. For this construction we all contended, and our construction of the law was finally settled by an act of Congress passed soon after the decision of the Supreme Court of the United States in the case of ex-parte Bradley. If the rule had simply said that where no appeal lies to the supreme court of the District of Columbia, or the supreme court of this District sitting in banc, the meaning of it would have been too plain and obvious to admit of dispute, and all that ren ders the rule at all obscure is thrusting into itafter the words “ supreme court” “United States”instead of Districtof Columbia. Lastly, if I am wrong in all this, the great question in the case remains whether the proceedings subsequent to the first decree be called a motion for a rehearing or a HU of review. Are there any facts stated in the papers which, according to the rules and practices of a court of equity, will permit a decree to be opened and the cause again to be proeeeded in as though no decree had been made ? For that is truly the effect of this order or last decree. It is true the justice simply modifies the first decree, but if he had a right to open it he might go on and grant a divorce just as well as make the second decree.
The rule is not to be tested by the extent of the change of the first decree, but by the principle upon which any change is made. Looking at the papers in the case, I am constrained *663 to say there is, in my opinion, no ground whatever for the last decree. Dismissing a hill without prejudice is, in chancery, equivalent to granting a new trial in a court of law, and is governed in both cases by rules as clearly prescribed and as well defined as it is possible to do. It would indeed be a novel ground in an application for a new trial at law or a rehearing of a cause in a court of equity that the counsel or attorney did not give all the testimony on the first trial he might have given had he not supposed he had given enough. To grant a new trial on such grounds would be offering a premium to knaves or fools, which a court of equity seldom does.
The only other ground for a rehearing alleged is that a decree signed by the court was inadvertently signed. Judging from the opinion expressed, this last ground seems to have been the controlling one that resulted in the last decree. This last decree or order was actually signed by the justice. I think he, and all claiming under his decree or affected by it, are estopped from disputing its validity, unless some fraud or imposition was practiced upon him to obtain his signature to the decree, nothing of which is alleged or pretended.
To hold the contrary doctrine would require us in all cases to trust to the treacherous and uncertain memory of the judge rather than to the judicial records subscribed by his own hand.